Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000011
02-APR-2019
08:01 AM

NO. CAAP-18-0000011

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DEUTSCHE BANK NATIONAL TRUST COMPANY, A NATIONAL BANKING
CORPORATION, AS TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST,
SERIES 2005-D, ASSET BACKED PASS-THROUGH CERTIFICATES,
Plaintiff-Appellee,
v.
MARIA ELENA GUZIK, Defendant-Appellant,
and
ANTHONY MARTIN GUZIK; STATE OF HAWAIʻI, DEPARTMENT OF TAXATION;
UNITED STATES OF AMERICA, Defendants-Appellees,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20;
DOE CORPORATIONS 1-20; DOE ENTITIES 1-20;
AND DOE GOVERNMENTAL UNITS 1-20,
Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0868)

ORDER GRANTING FEBRUARY 12, 2019 MOTION TO DISMISS APPEAL
(Ginoza, Chief Judge, Fujise and Chan, JJ.)

Upon review of (1) the February 12, 2019 motion by
Plaintiff-Appellee Deutsche Bank National Trust Company, a
National Banking Corporation, as Trustee for New Century Home
Equity Loan Trust, Series 2005-D, Asset Backed Pass-Through
Certificates (Deutsche Bank) to dismiss appellate court case
number CAAP-18-0000011 as moot, (2) the lack of any response by
Defendant-Appellant Maria Elena Guzik (Guzik) to Deutsche Bank's
February 12, 2019 motion, and (3) the record, it appears that

Guzik's appeal from the Honorable Jeannette H. Castagnetti's February 20, 2018 judgment on an order confirming the sale of foreclosed property is moot.

> A case is moot if it has lost its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law. The rule is one of the prudential rules of judicial self-governance founded in concern about the proper – and properly limited – role of the courts in a democratic society. We have said the suit must remain alive throughout the course of litigation to the moment of final appellate disposition to escape the mootness bar. . . . Simply put, a case is moot if the reviewing court can no longer grant effective relief.

Kahoʻohanohano v. State, 114 Hawaiʻi 302, 332, 162 P.3d 696, 726 (2007) (citations, internal quotation marks, and brackets omitted; emphasis added). The record shows that Guzik failed to post a supersedeas bond or otherwise obtain a stay pending this appeal, and Deutsche Bank has submitted a declaration by third parties Thao T. Lam and Tammy Lam (the Lams) and a certified copy of a deed that show the Lams lawfully purchased and received ownership of the foreclosed property in good faith by way of a commissioner's deed that they recorded on September 11, 2018. Guzik has not refuted any of Deutsche Bank's arguments or submissions regarding mootness. Deutsche Bank cites a recent opinion by the Supreme Court of Hawaiʻi in support of its argument that the instant appeal is moot:

> This case requires us to determine whether an appeal of an order confirming sale is moot when the appellant does not post a supersedeas bond to obtain a stay of the proceedings prior to the sale of the property to a bona fide purchaser. We answer this question in the affirmative. In doing so, we adopt the general rule stated by the Intermediate Court of Appeals (ICA) in City Bank v. Saje Ventures II that "the right of a good faith purchaser to receive property acquired at a judicial sale cannot be affected by the reversal of an order ratifying the sale where a supersedeas bond has not been filed." 7 Haw. App. 130, 133, 748 P.2d 812, 814 (1988) (internal brackets, quotation marks, and citation omitted).

Bank of New York Mellon v. R. Onaga, Inc., 140 Hawaiʻi 358, 360, 400 P.3d 559, 561 (2017).

> A party who wishes to stay an order confirming a foreclosure sale pending appeal must post a supersedeas bond or otherwise obtain a stay pursuant to HRCP Rule 62 or HRAP Rule 8. If a stay is not obtained and the property is sold to a bona fide purchaser, the appeal should be dismissed as

> moot because no effective relief can be granted. In the
> instant case, Onaga failed to post a supersedeas bond or
> otherwise obtain a stay, and the Ferraras lawfully purchased
> the Property in good faith.

Id. at 370, 400 P.3d at 571 (emphasis added). Under the circumstances of the instant case, the holding in Bank of New York Mellon requires us to dismiss Guzik's appeal as moot.

Therefore, IT IS HEREBY ORDERED that Deutsche Bank's February 12, 2019 motion is granted, and we dismiss appellate court case number CAAP-18-0000011 as moot.

DATED: Honolulu, Hawai'i, April 2, 2019.

Chief Judge

Associate Judge

Associate Judge

3